UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SONG MAI,

    Petitioner,

        v.                      CAUSE NO. 3:26-CV-178-CCB-SJF

JOSEPH EDLOW, et al.,

    Respondents.

## **OPINION AND ORDER**

Desiree Thien filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on behalf of Song Mai. According to the petition, Mai is in the custody of Immigration and Customs Enforcement (ICE) at the Miami Correctional Facility in violation of the laws and Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The court considers whether Thien properly filed the habeas petition on Mai's behalf. To start, Thien did not merely submit the petition for filing; she also signed it and attests that she is representing him. Further, Thien does not purport to be a licensed attorney admitted to practice in this court. With respect to non-attorneys, the general prudential rule on standing is that parties cannot seek vindication of the constitutional rights of other individuals. *Wilson v. Lane*, 870 F.2d 1250, 1255 (7th Cir. 1989). An exception might be allowed if the other individual is unable to assert his rights on his own and if there is a significant and close relationship between the party and the other

individual. *Id.* "[A] next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* "These limitations on the next friend doctrine are driven by the recognition that it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.*

Here, Thien suggests that her next friend status is proper because Mai cannot submit filings on his own from the Miami Correctional Facility. However, Mai has filed a habeas petition on his own in *Mai v. English*, 3:26-CV-171 (N.D. Ind. filed Feb. 9, 2026), which demonstrates that he is able to assert his rights on his own. Because Mai is able to assert his rights on his own, the court concludes that Thien did not properly file the petition in this case on Mai's behalf.

Following a determination that next friend status is improper, the court's general practice is to allow the real party in interest to determine how to proceed with a case. However, here, the real party in interest, Mai, has already initiated a habeas proceeding on his own, and he cannot proceed in duplicative cases. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888 (7th Cir. 2012) ("The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court."). Consequently, the court will immediately dismiss this case.

2

For these reasons, the court:

(1) **DISMISSES** the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) **DIRECTS** the clerk to send a copy of this order to Desiree Thien; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on February 10, 2026.

                                                            /s/*Cristal C. Brisco*
                                                          CRISTAL C. BRISCO, JUDGE
                                                          UNITED STATES DISTRICT COURT